UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2004 MAY 26  P 12: 22

|  |  |  |
|---|---|---|
| OTIS ELEVATOR COMPANY | ) | Docket No. |
|     Plaintiff; | ) | U.S. DISTRICT COURT |
|  | ) | DISTRICT OF MASS. |
| v. | ) |  |
|  | ) |  |
| LOCAL 4, INTERNATIONAL UNION | ) |  |
| OF ELEVATOR CONSTRUCTORS; | ) |  |
| MICHAEL LANGER, INDIVIDUALLY, | ) |  |
| and as BUSINESS MANAGER; | ) |  |
| KEVIN McGETTIGAN, INDIVIDUALLY, | ) |  |
| and as BUSINESS REPRESENTATIVE; | ) | May 26, 2004 |
| STEVE MORSE, INDIVIDUALLY, and | ) |  |
| as BUSINESS REPRESENTATIVE; | ) |  |
| and all others conspiring, acting in concert | ) |  |
| or otherwise participating with them or | ) |  |
| acting in their aid or behalf, | ) |  |
|  | ) |  |
|     Defendants. | ) |  |

## DECLARATION OF DAVID POWILATIS

David Powilatis, whose business address is One Farm Springs Road, Farmington,

Connecticut 06032, swears and affirms that the following information is true and correct to the

best of his knowledge and belief.

1.      I am currently employed as Manager of Labor Relations for Otis Elevator

Company ("Otis"). Otis is engaged in the business of selling, installing, constructing,

modernizing, maintaining and servicing elevators and escalators. Otis has its headquarters in

Farmington, Connecticut and field offices throughout the United States, including Needham,

Massachusetts, Manchester, New Hampshire, and Portland, Maine.

2.      As Manager of Labor Relations, I am responsible for representing Otis with

respect to its relationships with labor organizations that represent Otis employees, including

1

managing disputes that arise under collective-bargaining agreements. I am responsible for overseeing labor matters at locations throughout the country, including Massachusetts, New Hampshire and Maine.

3.      Since 1987, Otis has entered into a series of five-year collective-bargaining agreements with the International Union of Elevator Constructors ("IUEC"), "for and on behalf of its affiliated local unions . . . ." Prior to 1987, Otis was a member of the National Elevator Industry Inc. ("NEII") a multi-employer association that negotiated a series of collective-bargaining agreements with the IUEC (the "Standard Agreements").

4.      The most recent agreement between Otis and the IUEC became effective on July 9, 2002, and will remain in full force and effect through July 8, 2007 (the "Agreement"). The Agreement covers the terms and conditions of employment of Elevator Mechanics, Helpers and Apprentices employed by Otis throughout the United States, including Massachusetts, New Hampshire and Maine except New York City and Vicinity which is covered by a separate agreement with IUEC Local 1. Prior to 1987, Otis was a member of the Elevator Manufacturers of New York, Inc., a multi-employer association that negotiated a series of collective-bargaining contracts with IUEC Local 1.

5.      Art. XIV Par. 1 of the Agreement provides as follows:

> It is agreed by both parties to this Agreement that so long as the provisions
> herein contained are conformed to no strikes or lockouts shall be ordered
> against either party. It is understood that this Paragraph shall be applied
> and construed consistent with the provisions of Article IV, Par. 11
> concerning Grievance and Arbitration procedure.

6.      IUEC Local 4 ("Local 4") represents Elevator Mechanics, Helpers and Apprentices employed by Otis in Massachusetts, New Hampshire, and Maine.

10.    After that conversation, I prepared and sent a letter dated May 20, 2004 to Business Manager Langer concerning the dispute regarding the use of a crane to hoist and lower plungers and cylinders and our May 17th conversation. (A copy of that letter is attached as Exhibit F). In that letter I explained Otis's position on the dispute and summarized what had been conveyed to me as Local 4's position on the matter. I also explained that in this dispute Otis and Local 4 disagree over interpretation of Article IV, Paragraph 5 of the Agreement and the circumstances in which a crane may be used to hoist and lower plungers and cylinders. I invited Business Manager Langer to discuss this matter with me further. I also invited Business Manager Langer to follow the procedure in the Agreement for resolving disputes over the interpretation of the Agreement, namely filing a grievance under Article XV of the Agreement. To date, Business Manager Langer has not called me to discuss this matter further nor has he filed a grievance over this matter.

11.    I am aware that this morning certain of the Mechanics and Apprentices employed by Otis on job sites in Exeter, New Hampshire, Dover, New Hampshire, Falmouth, Maine, and Mashpee, Massachusetts have refused to install plungers and cylinders with a crane at the direction of Local 4.

12.    In an attempt to stop this work stoppage, this morning I sent a letter via facsimile to Business Manager Langer, Regional Director Koerbel and General President Brigham demanding that Local 4 cease this illegal work stoppage. (A copy of that letter is attached as Exhibit G). To my knowledge, this work stoppage is still in progress.

SWORN to under the pains and penalties of perjury.

Dated:  May 26, 2004

David Powilatis

4