*open Court*
*5-27-04*
*Z.L.*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LOCAL 4, INTERNATIONAL UNION )<br>OF ELEVATOR CONSTRUCTORS; )<br>MICHAEL LANGER, individually, and as )<br>BUSINESS MANAGER; KEVIN )<br>McGETTIGAN, individually, and as )<br>BUSINESS REPRESENTATIVE; )<br>STEVE MORSE, individually, and )<br>as BUSINESS REPRESENTATIVE; and all )<br>others conspiring, acting in concert or )<br>otherwise participating with them or acting )<br>in their aid or behalf, )<br>    Defendants. )<br>) | Docket No. 04-11108 JLT |

### OPPOSITION TO PLAINTIFF'S MOTION FOF
### A TEMPORARY RESTRAINING ORDER

Plaintiff, citing Boys Markets v. Retail Clerks, 398 U.S. 235 (1970), requests the issuance

of a temporary restraining order. Plaintiff argues that a collective bargaining agreement is in

effect, that a strike has been threatened in breach of a no-strike obligation and that the strike is

over a grievance which both parties are contractually bound to arbitrate. Finally, Otis argues that

an injunction is warranted "under ordinary principles of equity".

Local 4 does not contest that a collective bargaining agreement is presently in effect, that

the collective bargaining agreement contains a no-strike clause and that the dispute over the

installation of the plunger/cylinder mechanism in a hydraulic elevator is arbitrable under that

collective bargaining agreement. Local 4 parts company with Otis on the question of whether

injunctive relief is warranted under ordinary principles of equity. In the words of the Supreme Court:

> "Beyond this, the District Court must, of course, consider whether the issuance of an injunction would be warranted under ordinary principles of equity—whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of the injunction than will the union from its issuance."

398 U.S. at 254. Local 4 opposes Otis' request for Boys Markets relief in this case because Otis has abandoned traditional labor relations in favor of labor relations by injunction. Otis ignores the otherwise clear provisions of the collective bargaining agreement, precipitates disputes over longstanding practices, disciplines IUEC members who are caught between their obligation to their union and the instructions they receive from their supervisor, and then requests an Order from the federal court endorsing Otis' view of the contract. Otis does not engage in effective labor relations when it ignores the language of the contract and longstanding practices. It precipitates work stoppages when, knowing the union disagrees with it on an issue (jack mechanisms in this case, pre-drilled doors last week), it sends Local 4 members home, characterizes their actions as a strike and then asks a court to sanction the union. A protracted grievance and arbitration procedure permits Otis to change the rules as it goes along and deal with the ramifications later.

The central premise of Boys Markets was that the employer should be ordered to arbitrate its disputes. Unless the order to arbitrate requires immediate action by Otis, Otis will ignore its dispute resolution obligations as long as possible. Meanwhile, orders to return employees to work are enforceable by contempt. This dynamic effectively deprives the local union of an effective grievance enforcement mechanism.

2

In these circumstances Local 4 submits that Otis has not suffered irreparable harm warranting injunctive relief. Any harm that Otis is currently suffering is attributable to its own precipitous acts in derogation of its collective bargaining obligations. Thus, ordinary principles of equity do not support the issuance of a restraining order. Nevertheless, if the Court determines to issue any Orders in this case Otis should be ordered to submit to immediate arbitration, should be restrained from disciplining Local 4 members over contract disputes and should be precluded from applying to this Court in the future unless it first offers Local 4 immediate and expedited arbitration of the dispute to Local 4.[1]

Respectfully submitted,

IUEC LOCAL 4, MICHAEL LANGER, KEVIN McGETTIGAN, and STEVE MORSE and all others,

By their attorney,

Paul F. Kelly, Esq.
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated: May 27, 2004

---

[1] The Norris-LaGuardia specifically references the obligations of petitioners, like Otis, to attempt to resolve disputes before applying to the court: "No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration." 29 U.S.C. §108.