UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY )<br>    Plaintiff; )<br> )<br>v. )<br> )<br>LOCAL 4, INTERNATIONAL UNION )<br>OF ELEVATOR CONSTRUCTORS; )<br>MICHAEL LANGER, INDIVIDUALLY, )<br>and as BUSINESS MANAGER; )<br>KEVIN McGETTIGAN, INDIVIDUALLY, )<br>and as BUSINESS REPRESENTATIVE; )<br>STEVE MORSE, INDIVIDUALLY, and )<br>as BUSINESS REPRESENTATIVE; )<br>and all others conspiring, acting in concert )<br>or otherwise participating with them or )<br>acting in their aid or behalf, )<br> )<br>    Defendants. ) | Docket No. 1:04-cv-11108-JLT |

**MOTION FOR RECONSIDERATION
OR, IN THE ALTERNATIVE, TO MODIFY
THE COURT'S ORDER PENDING APPEAL**

Plaintiff Otis Elevator Company ("Otis") moves for reconsideration of the Court's June 17, 2004 Order in this matter. The current order is contrary to federal labor policy favoring private dispute resolution because it encourages Defendants to remove disputes from the parties' agreed-upon grievance and arbitration procedure by striking. Otis incorporates by reference the arguments set forth in its complaint, memorandum of law, supporting affidavits, and reply in further support of its Motion for preliminary injunction. Upon reconsideration, Otis respectfully requests that the Court enter a Preliminary Injunction restraining Defendants from further breaches of their no-strike obligation under a collective-bargaining agreement in the form submitted by Otis with its Reply papers filed on June 16, 2004. In the alternative in the event the

Court denies Otis' request for reconsideration, pursuant to Fed. R. App. P. 8(a), Otis respectfully requests that the Court modify the June 17, 2004 Order by suspending application of Paragraphs 3 and 4 pending appeal.

## I. PROCEDURAL HISTORY

Otis commenced this action on May 26, 2004 and requested a temporary restraining order and preliminary and permanent injunctive relief against a work stoppage by employees represented by Defendant Local 4, International Union of Elevator Constructors ("Local 4"). On May 27, 2004, this Court entered a temporary restraining order enjoining Local 4 and the other Defendants "from calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, concerted work stoppage, concerted work slowdown, sit-down or refusal to work or any other act or coercion or interference with Plaintiff's normal operations" (the "TRO"). However, at Defendants' request the TRO also ordered the parties to arbitrate the dispute over the installation of the plunger/cylinder mechanism pursuant to the "Expedited Labor Arbitration Procedures of the American Arbitration Association" (the "AAA Expedited Arbitration Rules") and restrained Otis from "imposing discipline on Local 4 members over contract disputes . . ." or from "applying to this Court for further equitable relief unless it has first offered to Local 4 the opportunity to arbitrate the underlying dispute pursuant to the Expedited Labor Arbitration Provisions of the American Arbitration Association." The Court denied Otis' request to be heard on its objections to those provisions of the TRO requiring arbitration pursuant to the AAA Expedited Arbitration Rules, restraining Otis from disciplining Local 4 members "over contract disputes" and restraining Otis from applying to the Court for "further equitable relief."

Pursuant to Fed. R. Civ. P. 65, the original TRO was due to expire June 7, 2004. Prior to its expiration Otis reiterated its request for a preliminary injunction restraining Defendants from

2

further strike activity and again asked the Court to schedule a hearing. On June 7, 2004, the Court issued an Order extending the TRO until June 17, 2004, but did not rule on Otis' requests for a preliminary injunction or its requests to schedule a preliminary injunction hearing. On June 10, 2004, Defendants' filed an Opposition to Plaintiff's Motion for Preliminary Injunction. Otis filed its Reply in Further Support of Motion For Preliminary Injunction And Request For Hearing on June 16, 2004, in which Otis addressed arguments in Defendants' June 10, 2004 opposition. On June 17, 2004, the day on which the second ten-day period applicable to temporary restraining orders expired, see Fed. R. Civ. P. 65, the Court issued its "Order" which continued the provisions of the TRO "pending the outcome of arbitration over the plunger/cylinder dispute."

## II.    THE ORDER SHOULD BE MODIFIED

Otis respectfully requests that the Court reconsider those provisions of the Order granted at the request of Defendants. By its terms, the Order was issued upon review only of Otis' Motion for Preliminary Injunction and Defendants' Opposition thereto. The Order issued without addressing all aspects of Otis' complaint, memorandum in support of injunctive relief or supporting affidavits (including the affidavit submitted on May 27, when the strike initiated the previous day expanded to affect nearly all Otis operations in Boston), nor Otis' June 16, 2004 Reply. Since then, there has been no hearing at which the parties could present evidence going to the terms of a proper preliminary injunction. Thus, the June 17, 2004 Order carries forward restraining orders directed at Otis that are unsupported by evidence or legal authority.

As set forth in Otis' June 16, 2004 reply, which Otis incorporates herein by reference, the relief ordered at Defendants' request improperly rewrites the parties' collective-bargaining agreement solely to Otis' detriment; rewards Defendants for engaging in conduct that placed Otis, its customers and members of the public who rely on the safe and dependable operation of

3

elevators and escalators at risk of immediate harm by giving Defendant Local 4 rights it did not get and could not have achieved through collective-bargaining; and may encourage Defendants to engage in the same unlawful conduct in the future. A Federal Court's role in a proceeding under <u>Boys Markets, Inc. v. Retail Clerks Union</u>, 398 U.S. 235, 246. (1970) is to vindicate collective bargaining by enforcing the union's agreement not to strike, which is the <u>quid pro quo</u> for the employer's agreement to submit disputes to a binding arbitration procedure set forth in the parties' collective-bargaining agreement. The current Order accomplishes the opposite. It enables the defendants to force any dispute <u>out</u> of the parties' agreed-upon resolution procedure and through a truncated procedure that denies basic due-process provisions protected by the parties' agreement. In order to remove any dispute from the parties' agreed-upon mechanisms, Local 4 needs only to strike, in which case Otis will be precluded from asking this Court to enjoin a breach of the no-strike clause unless Otis first agrees to rewrite the contract by offering expedited arbitration thereby foregoing the grievance and arbitration procedure agreed upon in collective-bargaining.

      Examples of the untoward effect of the orders are already occurring. Attached at Tab A is a Declaration of Otis Regional Field Operations Manager Mark MacLeod. As set forth therein, Otis and the IUEC recently completed arbitration of a dispute over staffing at the Boston University Campus, where Otis has a contract to maintain and repair hundreds of elevators located throughout numerous campus buildings. The arbitrator ruled that Otis' application of the Agreement's staffing provisions to the Boston University campus was correct and the interpretation insisted by Local 4 was incorrect. Nonetheless, on June 14, 2004, an Otis employee assigned to service elevators and escalators on the Boston University Campus reported being instructed by Local 4 to refuse to respond to any service calls during his shift. Under

Local 4's interpretation, there is no employee on-site between 4:00 and 5:00 p.m. whom Local 4 will permit to respond to a malfunctioning elevator. Otis has recently arbitrated Local 4's contention that staffing at the Boston University job was somehow improper. Local 4, apparently relying on the Court's orders prohibiting Otis from disciplining employees who refuse to respond to service calls and prohibiting Otis from seeking "equitable relief" against this breach of the no-strike clause, is nonetheless continuing to use strike pressure to forward its preferred staffing arrangement at Boston University, even though its argument was recently rejected at arbitration.

Local 4 has already demonstrated why the Court should reconsider the June 17, 2004 Order. Otis is barred from disciplining employees who have refused lawful directives to perform work. Otis is barred from seeking judicial enforcement of the Union's no-strike obligation without first offering Local 4 the opportunity to arbitrate pursuant to the "Expedited Labor Arbitration Procedures of the American Arbitration Association" whatever "dispute" is prompting the most recent work stoppage. Even though Otis has already recently arbitrated the dispute regarding staffing at Boston University, Otis is now faced with strike pressure it can only be relieved from by offering Local 4 the opportunity to relitigate the matter in "Expedited Arbitration." It is clear that Local 4 views the Court's Order exactly as Otis has predicted: Local 4 can interrupt Otis' operations whenever and wherever it wishes, and Otis is precluded from asking this Court to enjoin a breach of the no-strike clause unless Otis first agrees to rewrite the contract by offering expedited arbitration thereby foregoing the grievance and arbitration procedure agreed-upon in collective-bargaining.

In short, the current Order is contrary to Federal policy favoring private dispute resolution mechanisms. See Boys Markets, 398 U.S. at 248-49. Otis requests that the Court

reconsider its June 17, 2004 Order, and upon reconsideration, issue a Preliminary Injunction in the form attached to Otis' June 16, 2004 Reply.

### III. ALTERNATIVELY, PARAGRAPHS 3 AND 4 OF THE ORDER SHOULD BE STAYED PENDING APPEAL

In the alternative in the event reconsideration is denied, Otis moves, pursuant to Fed. R. App. P. 8(a) for an order staying portions of the June 17, 2004 Order pending appeal in this matter. As set forth above and in greater detail in Otis' June 16, 2004 reply papers, the rights reserved to Otis and recognized in the Otis / International Union of Elevator Constructors collective-bargaining agreement will be vitiated if Otis is restrained from disciplining employees "over contract disputes" and Local 4 is able to raise and force any "dispute" into AAA Expedited Arbitration simply by striking. Accordingly, application of Paragraphs 3 and 4 of the Order should be stayed pending appeal.

Respectfully submitted,

Dated at Boston, Massachusetts
June 18, 2004

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts 02108
Telephone : (617) 523-6666
Fax : (617) 367-3125

By _____
Nathan L. Kaitz
Joseph McConnell

and

DOWNS RACHLIN MARTIN, PLLC
Timothy E. Copeland Jr.
80 Linden Street
Brattleboro, VT 05301
(802) 258-3070
tcopeland@drm.com

ATTORNEYS FOR PLAINTIFF
OTIS ELEVATOR COMPANY

6


## CERTIFICATE OF SERVICE

The foregoing document was served today by hand upon Paul Kelly, Esquire, counsel for defendants, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108, this 18th day of June 2004.

*[signature: Nathan L. Kaitz]*